**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Conrad Anthony Tull,<br><br>Petitioner,<br><br>v.<br><br>David Shinn, *et al.*,<br><br>Respondents. | No. CV-19-05909-PHX-JJT (ESW)<br><br>**ORDER** |

With the assistance of counsel, Petitioner initiated this matter on December 30, 2019, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) In the Petition he raised three grounds that appeared to be exhausted: 1) trial court error in allowing dual juries; 2) trial court error in allowing inaccurate translations of intercepted telephonic communications; and 3) prosecutorial misconduct in the form of vouching.[1] Thereafter, on February 10, 2020, Petitioner filed *pro se* a Motion to Stay Habeas Proceedings. (Doc. 11.)[2] Petitioner urged the Court to stay his habeas matter as he had filed a second Notice and Petition for Post-Conviction Relief in the Arizona state court five days prior, (Doc. 18 at 7) and sought to exhaust new and additional claims before the state court so he could raise them in his habeas action before this Court without procedural default.

---

[1] Petitioner raised these three assigned errors in his direct appeal to the Arizona state Court of Appeals. (Doc. 19-1 at 49-50.) The Court of Appeals rejected the arguments on the merits. (Doc. 19-1 at 72-80.) Petitioner thereafter filed a Notice to initiate Rule 32 Post-Conviction Relief proceedings with the state trial court, which dismissed the notice on procedural grounds as untimely. (Doc. 19-1 at 92-95.)

[2] The following day, Petitioner's counsel filed a Motion to Withdraw, citing a conflict of interest in continuing her representation of Petitioner. (Doc. 12.)

(Doc. 11 at 2.) The magistrate judge denied the Motion without discussion. (Doc. 17.) Petitioner thereafter filed *pro se* a Motion for the magistrate judge to reconsider her Order (Doc. 18), which the magistrate judge also denied, this time with some analysis and discussion. (Doc. 20.)

Upon completion of briefing, the magistrate judge issued a Report and Recommendation (Doc. 24, "R&R") recommending the Court dismiss the Petition as untimely. The Court considered the R&R, Petitioner's Objections thereto (Doc. 27) and Respondents' Reply (Doc. 28), overruled the Objections, adopted the R&R and dismissed the Petition as untimely. (Doc. 30.) On appeal, The Ninth Circuit remanded this matter with direction to this Court to consider whether the magistrate judge exceeded her authority in adjudicating Petitioner's Motion for Stay without the consent of the parties. (Doc. 39-1.)

Magistrate judges may hear and determine non-dispositive matters, but not dispositive matters, in Section 2254 proceedings. *Hunt v. Pliler*, 384 F.3d 1118, 1123 (9th Cir. 2004). And "where the denial of a motion to stay is effectively a denial of the ultimate relief sought, such a motion is considered dispositive, and a magistrate judge lacks the authority to 'determine' the matter." *Mitchell v. Valenzuela*, 791 F.3d 1166, 1170 (9th Cir. 2015) (internal citations omitted). The Ninth Circuit in *Valenzuela* concluded, on operative facts very similar to those in the instant case, that denial of a stay is dispositive.

After the state court affirmed his convictions and sentence on appeal, Mitchell ultimately filed a habeas petition with the district court pursuant to 28 U.S.C. § 2254 stating five grounds, only three of which he had raised to the state court and were thus deemed exhausted. 791 F.3d at 1167. In response to a motion to dismiss either the entire petition or the two unexhausted claims, Mitchell sought to stay the habeas proceedings in the district court while he returned to the state to exhaust the two unexhausted claims. *Id*. The magistrate judge denied the motion to stay and Mitchell ultimately amended his petition to eliminate the unexhausted claims. *Id*. The magistrate judge then issued an R&R recommending denial of relief on the remaining exhausted claims, and after considering

Mitchell's objections, the district court adopted the R&R and dismissed the petition with prejudice. *Id*. at 1168.

As the Ninth Circuit concluded under those facts in *Valenzuela*, the Court finds here that the denial of the stay in this matter was "tantamount to a dismissal of the unexhausted claims." *Id*. at 1170 (cleaned up). Like the petitioner in *Mitchell*, Petitioner here would be unable to return to this Court to assert his unexhausted claims without a stay. Thus the magistrate judge's denial of the stay Petitioner sought was dispositive as to those unexhausted claims, within the meaning of *Valenzuela*. See also *Bastidas v. Chappell*, 791 F.3d 1155, 1163 (9th Cir. 2015)("*Mitchell*'s rule applies with equal force to a magistrate judge's denial of a stay to exhaust a claim "that was not already part of his federal habeas petition."). The magistrate judge in this matter thus lacked authority to determine the motion.

The Court observes that its ruling does not mean the magistrate judge's analysis of the applicable law, and her conclusion that the stay was not justified is necessarily incorrect. Her conclusion ultimately may prove correct, or not. But as a preliminary matter, the limitations Congress has placed on the authority of magistrate judges in 28 U.S.C. § 636, as clarified by our circuit court in *Valenzuela* and *Bastidas*, preclude the magistrate judge from reaching this issue—it must be addressed *de novo* by an Article III judicial officer.

The Court thus will treat the magistrate judge's Order denying Petitioner's Motion for Reconsideration (Doc. 20) as an R&R on the issue, and allow Petitioner the opportunity to file objections and Respondents the opportunity to respond to them. The Court then will evaluate the Motion to Stay *de novo*.

The parties shall have 14 days from the date of service of a copy of this Order within which to file specific written objections to the magistrate judge's Order found at Doc. 20. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72(b). Thereafter, the parties have 14 days within which to file any response to the objections. Failure to timely file objections to the Order the Court is treating as the magistrate judge's R&R may result in this Court accepting

the R&R without further review. *See United States v. Renya-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). And failure to file timely objections to any factual determinations of the magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the magistrate judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 20th day of August, 2021.

Honorable John J. Tuchi
United States District Judge