1
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**
7                         **FOR THE DISTRICT OF ARIZONA**
8

|  |  |
|---|---|
| Conrad Anthony Tull, | No. CV-19-05909-PHX-JJT |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

15        In this habeas corpus action filed by Conrad Tull, Petitioner's petition for writ of
16 habeas corpus was denied as untimely on February 1, 2021 (Doc. 30). As explained in the
17 Court's August 20, 2021 Order, Petitioner filed a notice of appeal, and the Court of Appeals
18 vacated the judgment and remanded the matter for this Court to consider Petitioner's
19 motion to stay, which was denied by the Magistrate Judge. That Order further explained
20 that it would treat Judge Willett's Order on the motion to stay as a report and
21 recommendation and permitted Petitioner to file objections, which this Court would
22 consider de novo. Petitioner filed his objections on September 13, 2020, and the Attorney
23 General responded (Docs. 44-45).

24        Petitioner then filed a Motion to Intervene (Doc. 46), wherein he identifies a recent
25 Ninth Circuit decision, *Bolin v. Baker*, 994 F.3d 1154 (9th Cir. 2021), explaining the
26 standard for a motion to stay habeas corpus proceedings. The motion to intervene will be
27 granted to the extent that the Court considers the motion as an argument in support of his
28 motion to stay.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court has held that "a federal district court has discretion to stay [a] mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." *Rhines*, 544 U.S. at 271–72. This discretion is to be exercised under "limited circumstances," *id.* at 277, because "routinely granting stays would undermine the AEDPA's goals of encouraging finality and streamlining federal habeas proceedings." *Blake v. Baker* , 745 F.3d 977, 981–82 (9th Cir. 2014).

As Petitioner explains in his motion to intervene, the stay-and-abeyance procedure is appropriate only where the habeas petitioner has shown: (1) "good cause" for the failure to exhaust, (2) the unexhausted claim is "potentially meritorious," and (3) the petitioner did not "engage[ ] in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277–78. "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust the claim in state court. *Blake*, 745 F.3d at 982. However, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Rhines*, 544 U.S. at 277–78.

In his motion to stay, Petitioner stated that in February 2020, he filed a pro se petition for post-conviction relief presenting ineffective assistance of trial, appellate, and post-conviction relief ("PCR") counsel. Specifically, Petitioner alleged that his post-conviction relief counsel assured petitioner that she would file a PCR petition but failed to timely file it, which resulted in its dismissal. Further, Petitioner alleges that appellate counsel failed to raise a meritorious appellate issue in favor of raising meritless issues.

In neither his motion to stay nor his objections does Petitioner articulate the bases for his claims that he sought to pursue in state court while staying his federal petition. As a result, without further explanation there is no basis to conclude that a stay is appropriate to pursue a "meritorious claim." As a result, the Court agrees with the Magistrate Judge's conclusion that a stay was not appropriate.

. . . .

1  **IT IS THEREFORE ORDERED** that Petitioner's Motion to Intervene (Doc. 46)

2  is **granted** to the extent set forth herein.

3  **IT IS FURTHER ORDERED adopting** the Report and Recommendation

4  (Doc. 17), **overruling** Petitioner's objections (Doc. 44), and **denying** Petitioner's Motion

5  to Stay these proceedings (Doc. 11). Petitioner's petition for writ of habeas corpus remains

6  denied as untimely and this matter shall remain closed.

7  Dated this 23rd day of September, 2022.

8

9  _____
    Honorable John J. Tuchi
10   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28